UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **SUMMER DAVIS** | : | Case No. 1:21-CV-671 |
| 250 S. Nelson Ave., Lot 52 | : | |
| Wilmington, OH 45177 | : | |
| | : | **Judge** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **R+L CARRIERS SHARED** | : | |
| **SERVICES, LLC** | : | |
| 600 Gillam Rd. | : | |
| P.O. Box 271 | : | |
| Wilmington, OH 45177 | : | |
| | : | |
| Defendant. | : | |

_____

**COMPLAINT AND JURY DEMAND**
_____

Plaintiff Summer Davis, for her Complaint against R+L Carriers Shared Services, LLC, ("R+L Carriers") states as follows:

**I.     PRELIMINARY STATEMENT**

1. This action arises under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et. seq.,* and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et. seq.* Ms. Davis, a former employee of Defendant, alleges that Defendant interfered with her rights under the FMLA and discriminated against her under the ADA by terminating her because of her association with a person with a disability and for using approved FMLA leave.

2.     Ms. Davis seeks relief for the aforementioned acts and/or omissions in the form of compensatory damages for her economic injuries, liquidated damages, compensatory damages for her noneconomic injuries, equitable relief in the form of reinstatement with

1

accommodation or front pay, and punitive damages. Finally, Ms. Davis seeks payment of her reasonable attorney fees and costs.

## II.     JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, 42 U.S.C. § 12101, *et seq.* and 29 U.S.C. § 2601, *et seq.*

4. Venue with this Court is appropriate because the acts complained of herein occurred within the judicial district of the Southern District of Ohio.

## III.    ADMINISTRATIVE HISTORY

5. On or about March 22, 2021, Ms. Davis filed a charge of discrimination (No. 473-2018-01338) with the Equal Employment Opportunity Commission ("EEOC") against R+L Carriers, alleging disability discrimination. On September 1, 2021, the EEOC issued Ms. Davis a Notice of Right to Sue.

6. Ms. Davis has timely filed this claim within 90 days of that notice.

## IV.    PARTIES

7. Plaintiff Jordan Davis is a United States citizen and a resident of Wilmington, Ohio. R+L Carriers employed Ms. Davis as a dispatch clerk.

8. Defendant R+L Carriers is an Ohio limited liability company doing business in the Southern District of Ohio. Defendant R+L Carriers is an employer as that term is defined by the Americans with Disabilities Act and the Family and Medical Leave Act.

## V. STATEMENT OF THE CASE

9. Ms. Davis began working for R+L Carriers in 2003 as a dispatch clerk.

10. Ms. Davis's son suffers from severe autism and is largely nonverbal. He also suffers from a serious gastrointestinal condition that causes severe constipation. Due to the autism, that constipation causes severe agitation. At all times relevant to this suit, her son was a minor.

11. R+L Carriers approved Ms. Davis to take FMLA leave on an intermittent basis to care for her son.

12. In December 2019 and January 2020, Ms. Davis took, and R+L Carriers approved, multiple continuous leaves of absence to care for her son. Despite the company formally approving the leave, her supervisor, Sean Manning, accused Ms. Davis of lying about the need to be off of work to care for her son.

13. Additionally, on January 13, 2020, R+L Carriers approved Ms. Davis to take FMLA leave on an intermittent basis up to two times per month for the period of January 9, 2020 through August 9, 2020 to care for her son.

14. R+L Carriers regularly criticized Ms. Davis for her unpredictable use of intermittent leave.

15. R+L Carriers also questioned why Ms. Davis's son needed her at all, asking why she could not simply leave him home alone. At the time, Ms. Davis's son was a teenager.

16. In February 2020, Mr. Manning issued a written warning to Ms. Davis for absences that occurred in 2019. Ms. Davis explained that the absences were to care for her son and that she had requested FMLA for those days. Despite her requests, R+L Carriers did not provide her with any FMLA paperwork or record the absences as being excused under the FMLA.

17. Upon receiving the written warning, Ms. Davis complained to Karen Curl, a human resources representative, that the warning was discriminatory because she had a disabled son that need her care and required her to use available leave.

18. In early June 2020, Ms. Davis took several days of FMLA leave to care for her son. She also provided a note from her son's physician explaining that her son was experiencing chronic constipation and needed Ms. Davis to care for him.

19. On June 5, 2020, R+L Carriers terminated Ms. Davis for being absent on June 2, June 3, and June 4, 2020. In the termination form R+L Carriers completed in connection with that termination, the company acknowledged that Ms. Davis had called off of work on those dates to care for her son. However, R+L Carriers incorrectly concluded that Ms. Davis did not "qualify" for FMLA leave "due to a lack of required hours worked."

20. On June 8, 2020, when Ms. Davis returned from her FMLA-protected leave, Mr. Manning informed Ms. Davis that she had been terminated for absenteeism.

21. R+L Carriers willfully interfered with Ms. Davis's rights under the FMLA and discriminated against her under the Americans with Disabilities Act because it terminated her due to her association with a disabled individual.

## VI.   STATEMENT OF THE CLAIMS

### Count 1: Disability Discrimination
### (42 USC § 12101 and Ohio Rev. Code § 4112.02)

22. Ms. Davis incorporates paragraphs 1 through 21 as if fully rewritten herein.

23. Ms. Davis was qualified for her position with R+L Carriers.

24. R+L Carriers terminated Ms. Davis.

25. R+L Carriers knew Ms. Davis to be associated with a disabled individual, specifically, her son who suffered from several disabilities as set forth above.

26. R+L Carriers terminated Ms. Davis because of her association with her son and her use of leave generally available to R+L Carriers employees to care for her disabled son.

27. As a result of R+L Carriers's illegal actions, Ms. Davis has suffered damages including lost wages and emotional distress.

28. R+L Carriers acted with malice and a conscious disregard for Ms. Davis's federally protected rights.

### Count 2: Interference
### (29 U.S.C. § 2601)

29. Plaintiff incorporates paragraphs 1 through 28 as if fully rewritten herein.

30. Plaintiff was eligible for FMLA leave when she requested leave to care for her son.

31. R+L Carriers notified Plaintiff that she was eligible for FMLA leave to care for her son.

32. R+L Carriers approved Ms. Davis to take FMLA leave on an intermittent basis to care for her son for the period of January 9, 2020 through August 9, 2020.

33. Ms. Davis was entitled to take leave to care for her son on June 2, 3, and 4, 2020. The leave was to care for him due to his serious health condition and Ms. Davis had not exhausted the 12 weeks of leave to which she was entitled.

34. R+L Carriers interfered with Ms. Davis's use of FMLA leave by terminating her for taking, and refusing to reinstate her following her use of, leave on June 2, 3, and 4, 2020.

35. R+L Carriers used Ms. Davis's use of FMLA leave as a negative factor in the decision to terminate her employment.

36. As a result of R+L Carriers's actions, Ms. Davis suffered damages, including lost wages and other economic harm.

37. R+L Carriers acted willfully when it interfered with Ms. Davis's request for leave.

## PRAYER FOR RELIEF

Wherefore, Ms. Davis demands judgment against Defendant R+L Carriers as follows:

1. An award of compensatory damages for all economic damages suffered by Ms. Davis in an amount to be determined at trial, plus interest;

2. An equal amount in liquidated damages;

3. An order reinstating Ms. Davis to her previous position, inclusive of all pay increases and benefits to which she would have been entitled had she not been terminated, or in the alternative, an award of front pay;

4. An award of compensatory damages for all noneconomic damages suffered;

5. An award of punitive damages;

6. An award of Ms. Davis's reasonable attorney fees and costs; and

7. An award of any other relief in law or equity to which Ms. Davis is entitled.

Respectfully submitted,

**MEZIBOV BUTLER**

/s/ Brian J. Butler_____
Brian J. Butler (OH No. 0082675)
615 Elsinore Place
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
bbutler@mezibov.com

*Attorney for Plaintiff Summer Davis*

## **JURY DEMAND**

Plaintiff Summer Davis demands a jury trial to resolve all issues of fact related to her Complaint.

/s/ Brian J. Butler_____
Brian J. Butler (OH No. 0082675)